UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| CARLA HOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:14-cv-00250-AC |
| | ) | |
| v. | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ACOSTA, Magistrate Judge:**

Connie Hamilton ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Because the Commissioner's decision is not supported by substantial evidence, the decision should be REVERSED.

\ \ \ \ \

\ \ \ \ \

Page 1 – FINDINGS AND RECOMMENDATION

### Procedural Background

Plaintiff filed her applications for DIB and SSI on February 9, 2010, alleging disability as of December 26, 2006. (Tr. 19, 208-16, 217-20.) The Commissioner denied her applications initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 19, 40-67.) After an administrative hearing, the ALJ issued a decision on October 5, 2012, finding plaintiff not disabled. (Tr. 16-39.) The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision final. (Tr. 1-6.) Plaintiff now seeks judicial review of that decision.

### Factual Background

Born in 1959, plaintiff was 47 years old on her alleged onset date. (Tr. 30, 208.) She alleges disability due to psychological trauma, hepatitis C, depression, and drug addiction. (Tr. 21, 223.) Plaintiff earned her GED after completing school through the ninth grade, speaks English, and graduated from Astoria Beauty College. (Tr. 49-50.) She has past work experience performing several semiskilled occupations including caregiver, nail technician, and waitress. (Tr. 30, 222-23, 455, 793.)

### Standard of Review

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th

Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant

can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141. At step five, the Commissioner must establish that the claimant can perform other work. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

### The ALJ's Findings

The ALJ performed the sequential analysis. At step one, she found that plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 21.) At step two, the ALJ concluded that plaintiff had the severe impairments of hepatitis C, depression, and drug addiction. *Id.* At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 22.)

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff has the residual functional capacity to perform medium work with the following limitations: she can lift and carry 50 pounds occasionally and 25 pounds frequently; she can stand and walk for 6 hours in an 8 hour day; she can sit for 6 hours in an 8 hour day; she can perform only simple tasks; and she can have only occasional interaction with the public and with coworkers. (Tr. 23.) At step four, the ALJ found that plaintiff was unable to perform her past relevant work as a caregiver, nail technician, and waitress. (Tr. 30.) At step five, the ALJ also determined that plaintiff could perform jobs that exist in significant numbers in the national economy, including kitchen helper, janitor, and hand packager. (Tr. 30-31.) The ALJ concluded that plaintiff was not disabled. (Tr. 31.)

\ \ \ \ \

\ \ \ \ \

*Discussion*

Plaintiff argues that the ALJ erred by improperly rejecting the opinions of the examining psychologists and of the state agency medical consultants. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).

If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific, legitimate reasons" for discrediting the treating doctor's opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Lester*, 81 F.3d at 830. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F.3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records,

inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040-41 (9th Cir. 2008).

I.    Examining Psychologist Richard M. Kolbell, Ph.D.

Plaintiff first argues that the ALJ erred by rejecting the opinion of examining psychologist Richard Kolbell, Ph.D. Dr. Kolbell conducted a comprehensive psychodiagnostic evaluation on June 1, 2006.[1] (Tr. 454-57.) Dr. Kolbell reviewed plaintiff's medical records and performed a clinical interview and mental status examination. (Tr. 454.) He noted plaintiff's self-reports of debilitating depression and a history of suicidal ideation. (Tr. 455.) He wrote that plaintiff's family history was "significant for depression and anxiety." *Id.* Dr. Kolbell diagnosed major depressive disorder and anxiety disorder NOS with history of panic and PTSD symptoms. (Tr. 457.) He concluded that "[b]ased on her presentation, history, and current report, [plaintiff] . . . may currently lack the energy and focus to persist in competitive employment over an eight-hour day[,]" but also noted that he was unable to determine whether plaintiff's drug use interfered with her functioning. (Tr. 457-58.)

The ALJ gave little weight to Dr. Kolbell's opinion that plaintiff might be unable to persist in competitive employment. (Tr. 28.) She credited instead the opinion of psychological consultant Frank Lahman, Ph.D., who opined that plaintiff would be able to maintain a full work week. (Tr. 29, 72-99.) Because Dr. Kolbell's opinion was contradicted by the opinion of Dr. Lahman, the ALJ was required to provide specific, legitimate reasons for rejecting it. *Lester*, 81 F.3d at 830.

In rejecting Dr. Kolbell's opinion, the ALJ noted that it was unsupported by objective findings and failed to comport with the medical record as a whole. (Tr. 28.) In her discussion of

---

[1] This evaluation thus occurred over six months before December 26, 2006, plaintiff's alleged onset date. (Tr. 19, 210.)

Dr. Kolbell's opinion, however, the ALJ does not point to any specific evidence contradicting Dr. Kolbell's opinion, either in Dr. Kolbell's treatment report or the medical record as a whole. The ALJ therefore failed to provide legally sufficient reason for rejecting the medical evidence.

The Commissioner argues that Dr. Kolbell's examination essentially consisted of an interview with plaintiff and therefore was based on plaintiff's subjective reports. Where a claimant's credibility has been properly discounted, an ALJ may also discount medical opinion that is based upon a claimant's subjective complaints. *See Tonapetyan*, 242 F.3d at 1149; *Morgan*, 169 F.3d at 602 (doctor's opinion premised on claimant's accounts of symptoms and limitations may be disregarded if claimant's complaints properly discounted); *Bray v. Commissioner*, 554 F.3d 1219, 1228 (9th Cir. 1999) (ALJ reasonably discounted treating physician's note which was based on claimant's "less than credible" statements). Here, the ALJ found plaintiff not credible and plaintiff does not contest this finding. (Tr. 24.) The Court, however, cannot affirm the ALJ's decision based on a ground not articulated in the Commissioner's decision. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (when reviewing the Commissioner's decision, the Court is "constrained to review the reasons the ALJ asserts"). Accordingly, this is not a basis that supports the ALJ's rejection of Dr. Kolbell's opinion, and the ALJ's decision should be reversed.

II.    Examining Psychologist Justine Williams, Psy.D.

Plaintiff next argues that the ALJ improperly rejected the opinion of examining psychologist Justine Williams, Psy.D. Dr. Williams conducted a psychological evaluation on September 18, 2010. The evaluation included a review of plaintiff's medical records, a clinical interview, and a mental status examination. (Tr. 792-98.) Dr. Williams observed that plaintiff made minimal eye contact and became visually distressed when discussing past trauma. (Tr.

797.)  She wrote that plaintiff's "affect was congruent with her stated mood, as she appeared moderately anxious at times in discussing topics about her anxiety and the rest of the time looked depressed."  (Tr. 796.)  Dr. Williams stated that plaintiff's "lack of energy and productivity from depression" would make full-time work difficult, and concluded that plaintiff's depression and anxiety were treatable but would not actually improve until plaintiff's substance use was in full remission.  (Tr. 798.)

In rejecting Dr. Williams's opinion, the ALJ stated that it was not supported by Dr. Williams's own objective findings.  (Tr. 28.)  The ALJ, however, again failed to reference any specific contradictory evidence in her discussion of Dr. Williams's opinion.  Because conflict with her objective findings was the only ground provided by the ALJ for rejecting Dr. Williams's opinion, the ALJ failed to provide legally sufficient reason for rejecting it.  The ALJ's decision should therefore be reversed.

III.   <u>State Agency Medical Consultants</u>

Plaintiff also contends that the ALJ erred by rejecting the opinions of the state agency medical consultants and failing to incorporate the material limitations they assessed into the RFC.  State agency psychological consultant Megan Nicoloff, Psy.D., found in October 2010 that plaintiff was "limited to understanding and remembering simple 1-2 step tasks" and that she was "incapable of more complex tasks."  (Tr. 81, 95.)  Dr. Nicoloff wrote that these limitations were due to depression, anxiety, and substance abuse.  (Tr. 82.)  State agency consultant Dorothy Anderson affirmed Dr. Nicoloff's opinion on January 28, 2011.  (Tr. 111, 125.)

The ALJ failed to include a limitation to 1-2 step tasks in the RFC.  (Tr. 23.)  Instead, she limited plaintiff to performing only "simple tasks."  (Tr. 31.)  The Commissioner argues that any error in omitting the 1- 2-step limitation was harmless because the ALJ found at step five that

plaintiff could perform unskilled jobs with SVP 2, and a limitation to 1- 2-step tasks is consistent with SVP 2.  Based on the facts before the Court, it appears that plaintiff retains the functional capacity to perform the occupations identified by the ALJ at step five, but because this case should be remanded for the reasons discussed above, the Court need not determine whether the ALJ committed harmful error at step five.

IV.    Remand

Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014).  The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision.  *Id.*  A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014).

> [The Ninth Circuit has] devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits:  (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* at 1020.

\ \ \ \ \

Ordinarily, if all three of these elements are satisfied, a district court must remand for a calculation of benefits. *Id.* If, however, "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," the district court retains the "flexibility" to remand for further proceedings even when these elements are satisfied. *Id.* at 1021; *see also Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014) (remanding for further proceedings without analyzing whether the three factors are met "because, even assuming that they are, we conclude that the record as a whole creates serious doubt as to whether Claimant is, in fact, disabled"). Moreover, when remanding for further development of the record, the district court has the discretion to remand on an open record or with the directive that the claimant's testimony be credited as true. *See Burrell*, 775 F.3d at 1142 (observing that a court's "flexibility" includes the option to "remand on an open record for further proceedings" (citing *Garrison*, 759 F.3d at 1021)).

Here, the Court declines to credit the erroneously rejected evidence as true. The ALJ found plaintiff to be not credible, and the erroneously rejected medical evidence appears largely based upon plaintiff's subjective symptom reporting. Further development of the record is therefore necessary to support a finding of disability. On remand, the ALJ should properly evaluate the medical evidence and include all of plaintiff's credible limitations in the RFC, and, if necessary, take new testimony from the VE regarding plaintiff's ability to perform jobs that exist in significant numbers in the national economy. The ALJ should also make a finding regarding the materiality of plaintiff's drug and alcohol use in relation to her alleged disability. (*See* Tr. 21, 248-50, 480, 629, 795, 828.)

\ \ \ \ \

\ \ \ \ \

*Recommendation*

The Commissioner's decision is not supported by substantial evidence in the record, and should therefore be **REVERSED and REMANDED** for further proceedings consistent with this opinion.

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due no later than fourteen (14) days after the date this order is filed.  The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.  If objections are filed, any party may file a response within fourteen days after the date the objections are filed.  Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 21st day of May 2015.

JOHN V. ACOSTA
United States Magistrate Judge